**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RATHINDRA N. GHOSHTAGORE,
Plaintiff-Appellant,

v.

No. 95-2866

WESTINGHOUSE ELECTRIC
CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-92-2699-DKC)

Argued: December 4, 1996

Decided: March 11, 1997

Before ERVIN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Francis Raymond Laws, KOLLMAN & SHEEHAN,
P.A., Baltimore, Maryland, for Appellant. Robert H. Klonoff, JONES,
DAY, REAVIS & POGUE, Washington, D.C., for Appellee. **ON
BRIEF:** Clifford B. Geiger, KOLLMAN & SHEEHAN, P.A., Balti-
more, Maryland, for Appellant. Paul S. Ryerson, Glen D. Nager,
JONES, DAY, REAVIS & POGUE, Washington, D.C.; Brian K. Wil-
liams, Assistant General Counsel, NORTHROP GRUMMAN COR-
PORATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rathindra N. Ghoshtagore--a 57-year-old, Asian man of East Indian descent--brought this action against his former employer, Westinghouse Electric Corporation (Westinghouse), claiming that his termination as part of a 1991 reduction in force resulted from illegal consideration of his age, nationality, and/or race. See 29 U.S.C.A. § 623(a)(1) (West 1985); 42 U.S.C.A. § 2000e-2(a) (West 1994); 42 U.S.C.A. § 1981 (West 1994). The district court granted summary judgment in favor of Westinghouse. We affirm.

I.

Ghoshtagore, an internationally recognized scientist with a long and distinguished record, began his employment with Westinghouse in 1968. In the early 1980s, Ghoshtagore became the principal investigator for VLSI, the very large-scale integrated circuit processes division of Westinghouse, a position he held until 1991. During Ghoshtagore's tenure in this position, the division was engaged in research and development of specialized circuits. In addition to his research and development responsibilities, as principal investigator, Ghoshtagore managed VLSI's programs and was responsible for its day-to-day operation.

In the spring of 1991, however, Westinghouse discontinued funding for VLSI. Although a request for additional funding had been submitted, Ghoshtagore no longer had productive activities in VLSI. Accordingly, he requested and was granted a transfer to another division that was in need of additional personnel. In August 1991, VLSI regained a portion of its funding. But, rather than reinstating Ghoshtagore as principal investigator, two other engineers, both of whom were Caucasian and under the age of 40, were assigned to the position. Westinghouse maintains that the reason Ghoshtagore was not

2

reinstated as principal investigator was because VLSI's focus had changed from research and development to production, which required "hands-on" skills and management competency that Ghoshtagore did not possess. Soon afterward, funding for the position to which Ghoshtagore transferred was terminated, so he was once again without work.

In early October 1991, Westinghouse announced a reduction in force. Managers, like Ghoshtagore's supervisor Dick Harden, were instructed to create "totem poles" that ranked their employees from best to worst. These rankings were to consider: (1) the employee's performance; (2) the availability of funding for the employee's work; (3) whether Westinghouse could afford to lose the employee; (4) the length of service with Westinghouse; and (5) how aggressively the employee was performing. Of the 59 professional employees under Harden's supervision, Ghoshtagore was rated last and was terminated in the reduction in force in December 1991.

Ghoshtagore subsequently filed this action, and following discovery, Westinghouse moved for summary judgment. The district court granted summary judgment in favor of Westinghouse, holding that Ghoshtagore had not presented any direct evidence of discrimination and had not presented evidence sufficient to raise a genuine issue of material fact concerning each element of his prima facie case of discrimination under the method of proof established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), as modified for application to terminations resulting from reductions in force. See Mitchell v. Data General Corp., 12 F.3d 1310, 1314-15 (4th Cir. 1993). The district court reasoned that Ghoshtagore had not satisfied the third modified element of his prima facie case because he had failed to demonstrate that "he was performing at a level substantially equivalent to the lowest level of those of the group retained." Id. at 1315. Furthermore, the district court determined that Ghoshtagore had not presented evidence tending to demonstrate that the selection process resulted in the retention of a work force of comparably qualified persons outside the protected class who were retained in the same position or that Westinghouse did not treat age neutrally in deciding to terminate Ghoshtagore. See Blistein v. St. John's College, 74 F.3d 1459, 1470 (4th Cir. 1996); Mitchell, 12 F.3d at 1315; Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234 (4th Cir. 1991). In addi-

3

tion, the district court held that Ghoshtagore had not submitted sufficient evidence to show that Westinghouse's proffered nondiscriminatory reason for the dismissal (the totem pole rankings) was a pretext for discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993). Ghoshtagore appeals, maintaining that the evidence he presented was adequate to demonstrate a prima facie case of discrimination and to convince a jury that the reasons offered by Westinghouse for his termination were a pretext for discrimination. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (holding that evidence is insufficient to avoid summary judgment unless it would permit a factfinder to return a verdict for the nonmoving party).

II.

Having carefully reviewed the record and the arguments presented by the parties, we agree with the district court that Ghoshtagore failed to present sufficient evidence of employment discrimination to defeat Westinghouse's motion for summary judgment. The decision to terminate Ghoshtagore was based on his totem pole ranking. And, although Ghoshtagore presents a compelling argument that he must have ranked higher with respect to several of the factors considered in developing the totem pole ranking than others who were retained by Westinghouse, it is undisputed that the most important factors considered were the employees' performance and the availability of funding for their positions. With respect to these two factors, Ghoshtagore undoubtedly would have ranked higher than employees Westinghouse retained if the positions for which funding had been available had required research and development skills. But, unrefuted evidence demonstrates that VLSI's mission changed from research and development to manufacture of the processes that previously had been developed. Those engineers to whom Ghoshtagore sought to compare himself, though perhaps possessing less seniority and less impressive performance evaluations and credentials, unquestionably surpassed Ghoshtagore in the two most crucial areas--they enjoyed the "hands-on" skills required for the manufacturing activities in which VLSI was engaged and VLSI was funded. Accordingly, we conclude that the evidence presented would not permit a rational factfinder to determine that except for illegal employment discrimination against Ghoshtagore, he would not have been terminated.

AFFIRMED